Exhibit A

# Exhibit A

# Commonwealth of Massachusetts
## Worcester District Court
225 Main Street
Worcester, MA 01608
(508) 831-2010

Sabriya Zaynab Silva,
          Plaintiff,

   V.

Abbott Laboratories Inc. and Mondo International, LLC,
          Defendants.

CIVIL No. 2062 CV 746

SUMMONS

THIS SUMMONS IS DIRECTED TO ___ Abbott Laboratories Inc.
                                                                    (Defendant's name)

1. **This Notice is to inform you that you are being sued.** The person or business suing you is known as the Plaintiff. A copy of the Plaintiff's Complaint against you is attached and the original has been filed in the Worcester Division of the District Court Department. You must respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a court order requiring you to pay money or provide other relief.

2. **You must respond within 20 days to protect your rights.** In order to protect your right to defend yourself in this lawsuit, you must deliver or mail a written response called an "Answer" to both the "Clerk's Office for Civil Business, Worcester District Court, 225 Main Street, Worcester, MA 01608" and to the individual below:

___ Michael A. Rivkin _____, at _____ Cohen Kinne Valicenti & Cook LLP _____.
   (Name of Plaintiff or Plaintiff's attorney)                 — 28 North St., 3rd Floor, Pittsfield, MA 01201 ——

Your Answer must be delivered or mailed within 20 days from the date the Summons was delivered to you. If you need more time to respond, you may request an extension of time in writing from the Court.

3. **Your Answer must respond to each claim made by the Plaintiff.** Your Answer is your written response to the statements made by the Plaintiff in the Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. You may agree with some of the things the Plaintiff says and disagree with other things. You may also say that you do not know whether one (or more) of the statements made in the Plaintiff's Complaint is true. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer. Even if you agree that you owe what is claimed, sending an Answer will provide you with an opportunity to participate and explain your circumstances.

4. **You must list any reason why you should not have to pay the Plaintiff what the Plaintiff asks for.** If you have any reason(s) why the Plaintiff should not get what the Plaintiff asks for in the Complaint, you must write those reasons (or "defenses") in your Answer.

5. **You may lose this case if you do not send an Answer to the Court and the Plaintiff.** If you do not mail or deliver the Answer within 20 days, you may lose this case. You will have no opportunity to tell your side of the story and the Court may order that the Plaintiff receive everything requested in the Complaint. The Court may allow a motion permitting the Plaintiff take your property and/or wages. If you respond to the Complaint and appear at the hearing, you will get an impartial hearing by a judge. Even if you choose to discuss this matter with the Plaintiff (or the Plaintiff's lawyer), you should still send your Answer **within 20 days**. Even if you file an Answer, you can still reach an agreement with the Plaintiff.

6. **Legal Assistance.** You may wish to get legal help from a lawyer. **If you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.** You may also obtain information at www.mass.gov/courts/selfhelp.

7. **You can also sue the Plaintiff.** If you believe the Plaintiff owes you money or has harmed you in some way related to the lawsuit, you must describe that in your Answer. If you do not include these claims (called "Counterclaims") in your written response, **you may lose your ability to sue the Plaintiff** about anything related to this lawsuit.

8. **You or your attorney must attend all court hearings.** If you send your Answer to the Court and the Plaintiff, you will protect your rights. The Court will send you a notice telling you the date, time, and place of an impartial hearing before a judge. The judge will hear **both** sides of any arguments and schedule any additional hearings.

9. The civil number appearing on the front of this notice is the case docket number and must appear on the front of your Answer.

Witness Hon. David P. Despotopulos, First Justice on ~~September 18~~, 20 _20_.

(SEAL)

~~Brian D'Andrea~~
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

## RETURN OF SERVICE
(for use by person making service)

On _____, 20____, I served a copy of the within summons, together with a copy of the Complaint in this case, upon the named defendant in the following manner:

☐ Last and usual at (address)*

_____      _____
                                                  (signature)

_____      _____
                                                  (name and title)

☐ In hand                                    _____
                                                  (address)

☐ Other:

*Please place date you make service in this box and on copy served on defendant and return original to this Court:*

*If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent. (G.L. c. 223, § 31).

**COMMONWEALTH OF MASSACHUSETTS**

WORCESTER

DISTRICT COURT DEPARTMENT
CIVIL ACTION NO.: 2062CU746

---

**SABRIYA ZAYNAB SILVA,**

**Plaintiff,**

v.

**ABBOTT LABORATORIES INC and
MONDO INTERNATIONAL, LLC,**

**Defendants.**

---

**COMPLAINT**

**Introduction**

Plaintiff. Sabriya Zaynab Silva ("Silva" or "Plaintiff"), brings this action against the Abbott Laboratories Inc ("Abbott") and Mondo International. LLC ("Mondo") (collectively. "Employers" or "Defendants") for violating the Massachusetts Wage Act (the "Wage Act"). M.G.L c. 149. § 148. M.G.L c. 149. § 148A. and M.G.L c. 151. §§ 1A. 1. and 7 and Massachusetts common law. Plaintiff alleges Defendants failed to pay her all due wages. including overtime hours. and fired her one day after she insisted she should be paid subject to the Wage Act. a further violation of the Wage Act and Massachusetts common law.

**Parties**

1.  Sabriya Zaynab Silva is an adult resident of 75 Nelson Street. Holden MA 01520. Worcester County.

2.  Abbott Laboratories Inc is incorporated in Delaware with a principal place of business located at 100 Abbott Park Road. Abbott Park IL 60064.

1

221149

3.    Mondo International, LLC is a staffing agency incorporated in Delaware, with a principal place of business located at 102 Madison Avenue, 7th floor, New York NY 10016.

### Factual Allegations

4.    Defendants are employers for purposes of Mass. Gen. L. ch. 149.

5.    Employers hired Silva to work as a products engineer.

6.    Silva began work for Employers on May 27, 2019.

7.    Employers paid Silva $30 per-hour-worked.

8.    Abbott managers, including Candice Cooper ("Cooper") supervised Silva's work and accepted her timecards reflecting her hours worked.

9.    In order to understand her assignment of hours at the outset of her employment, Silva asked if she would be permitted to work beyond forty hours per-week. Abbott manager Thomas Gamble ("Gamble") answered in the affirmative.

10.   Silva later asked Gamble a second time to clarify whether she would be allowed to bill 12-hour days. Again, Gamble responded in the affirmative.

11.   Subject to Employer's prior approval, Silva consistently worked pre-approved overtime throughout her time working for the benefit of Employers.

12.   Much of Silva's overtime was logged while working remotely on an Abbott-owned laptop.

13.   Employers were on notice of Silva's work outside of her typical hours because (a) they provided her with pre-approval, (b) she regularly submitted and was paid for overtime hours, in accordance with Employers' prior-approval, (c) she regularly submitted work product and exchanged substantive work emails with Abbott managers beyond typical work hours, and (d) the Abbott laptop and servers, which are in Abbott's control, can be audited to show the dates and time during which her company laptop was active and saving work documents to the company server beyond typical work hours.

14.     On September 3, 2019, Silva submitted her hours-worked for the week of August 26, 2019 through August 30, 2019 to Cooper.

15.     Silva billed 70.50 hours of work for the week of August 26, 2019 through August 30, 2019 because it accurately reflected the time she performed work for the benefit of Employers.

16.     On September 3, 2019, Cooper told Silva that she must reduce her reported hours from the 70.50 hours to 47.50.

17.     Despite protesting to Cooper that she did in fact work 70.50 hours, Cooper still forced her to reduce the number of hours she billed as having worked.

18.     This event is memorialized in Silva's modified time sheet, showing that Silva submitted her time accurately before Cooper rejected the entry.

19.     Employers paid Silva for the value of 47.50 hours-worked despite knowing Silva worked 70.50 hours.

20.     Just one day after Silva protested Cooper's demand that she reduce the numbers of hours she billed despite knowing those hours were in-fact worked, and forcing Silva to falsify her time sheet under protest, Cooper informed Silva that Employers terminated her employment based on "falsified time records."

21.     Plaintiff complied with all administrative prerequisites prior to filing this Complaint.

**COUNT I**
**PAYMENT OF WAGES – Failure to Pay Wages**
**(Mass. Gen. Laws, Ch. 149, §§ 148, 150)**

22.     Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

23.     Defendants failed to pay to Plaintiff the wages earned by Plaintiff within six (6) days of the termination of the pay period during which the wages were earned.

24.     Plaintiff was regularly employed five (5) days in a calendar week by Defendant.

25.   Plaintiff is entitled to treble damages.

**COUNT II**
**PAYMENT OF WAGES – Failure to Pay Due Overtime**
**(Mass Gen. Laws, Ch. 151, § 1A and Mass. Gen. Laws, Ch. 149, § 148)**

26.   Plaintiff reasserts and incorporates herein each and every allegation in the preceding
      paragraphs of this Complaint as if set forth fully in this count of the Complaint.

27.   Defendants employed Plaintiff for workweeks during which she worked longer than forty
      (40) hours.

28.   During the weeks where Plaintiff worked more than forty (40) hours. Plaintiff did not
      receive compensation for her employment in excess of forty (40) hours at a rate not less
      than one and one-half times the regular rate at which she was employed as required by
      Massachusetts law.

29.   Plaintiff is entitled to treble damages.

**COUNT III**
**RETALIATION**
**(Mass. Gen. L. c. 149 § 148A)**

30.   Plaintiff reasserts and incorporates herein each and every allegation in the preceding
      paragraphs of this Complaint as if set forth fully herein.

31.   Plaintiff asserted her rights under the wage act.

32.   As a direct result. Defendants penalized Plaintiff for exercising this right.

33.   Plaintiff suffered emotional distress as a result of Defendants' penalization and retaliatory
      action.

34.   Plaintiff is entitled to damages.

**COUNT IV**
**QUANTUM MERUIT**

35.   Plaintiff reasserts and incorporates herein each and every allegation in the preceding
      paragraphs of this Complaint as if set forth fully herein.

36.     Valuable services were rendered to Defendants by Plaintiff.

37.     The services were accepted, used and enjoyed by Defendant.

38.     A reasonable person would have expected to compensate Plaintiff for such use and enjoyment.

39.     Plaintiff had a reasonable expectation of receiving compensation for the services which were rendered.

40.     Plaintiff is entitled to damages.

## COUNT V
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

41.     Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

42.     Plaintiff engaged in protected activity by asserting her rights under the Wage Act, a matter of public policy.

43.     Plaintiff suffered adverse action at the hands of Defendants as a direct result of taking this protected action.

44.     Because Defendants terminated Plaintiff for the above stated reason, Defendants violated public policy and wrongfully terminated Plaintiff.

45.     Plaintiff is entitled to damages.

WHEREFORE, Plaintiff respectfully requests this Court:

1.     Determine the damages sustained by Plaintiff as a result of Defendants' violations of Massachusetts' Wage Act and Plaintiff's common law claims, and award treble damages and emotional distress damages against Defendants and in favor of said Plaintiff, and such interest as may be allowed by law;

2.      Award Plaintiff her costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees and such interest as may be allowed by law; and

3.      Grant Plaintiff such other and further relief under Massachusetts law as the Court may deem just and proper.

Plaintiff demands a trial by jury on all claims so triable.


Respectfully submitted,

Sabriya Zaynab Silva,
By her attorney,


/s/ Michael A. Rivkin

Michael A. Rivkin (BBO# 697737)
COHEN KINNE VALICENTI & COOK LLP
28 North Street, 3rd Floor
Pittsfield, Massachusetts 01201
Phone: (413) 443-9399
Facsimile: (413) 442-9399
mrivkin@cohenkinne.com

Dated:  August 18, 2020

| STATEMENT OF DAMAGES<br>G.L. c. 218, § 19A (a) | Docket No.<br>2062CV7446<br>Division:<br>Worcester County – Worcester District | Trial Court of Massachusetts<br>District Court Department |  |
|---|---|---|---|

| Plaintiff(s) and Defendant in Counterclaim<br><br>**Sabriya Zaynab Silva** | Defendant(s) and Plaintiff in Counterclaim<br><br>**Abbott Laboratories Inc. and<br>Mondo International, LLC** |
|---|---|

**INSTRUCTIONS:** THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES.

| TORT CLAIMS | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | |
| 1. Total hospital expenses: ........................................ | $ 0.00 |
| 2. Total doctor expenses: .......................................... | $ 0.00 |
| 3. Total chiropractic expenses: .................................. | $ 0.00 |
| 4. Total physical therapy expenses: ........................... | $ 0.00 |
| 5. Total other expenses (Describe):  Emotional Distress | $ 50,000.00 |
| B. **SUBTOTAL for lines 1-5 above:** | $ 50,000.00 |
| C. Documented lost wages and compensation to date: ..................................... | $ 0.00 |
| D. Documented property damages to date: ........................................................ | $ 0.00 |
| E. Reasonable anticipated future medical and hospital expenses: ...................... | $ 0.00 |
| F. Reasonably anticipated lost wages: ............................................................ | $ 0.00 |
| G. Other documented items of damage (Describe): _____ | $ 0.00 |

For this form, disregard double or treble damage claims, indicate single damages only.

| **TOTAL TORT CLAIMS for lines B-G above:** | $ 0.00 |
|---|---|

H. Brief description of Plaintiff's injury, including nature and extent of injury

   (Describe): _____

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| Provide a detailed description of claim(s): _____<br><br>Defendants violated the Massachusetts Wage Act by failing to pay Plaintiff all<br><br>due wages, including overtime, and terminated Plaintiff for requesting payment. | $ $1,035.00<br>Plus interest, costs and<br>attorneys fees |
| For this form, disregard double or treble damage claims; indicate single<br>damages only.<br>**TOTAL CONTRACT CLAIMS:** | $ 1,035.00 plus<br>fees, interest &<br>costs |

| ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF): | DEFENDANT'S NAME AND ADDRESS & PHONE: |
|---|---|
| Signature: *Michael A. Rivkin* | (Abbott) 100 Abbott Park Road, Abbott Park, IL 60064 |
| Type Name:   Michael A. Rivkin, Esquire<br>COHEN KINNE VALICENTI &COOK LLP<br>Address:  28 North Street, 3rd Floor, Pittsfield, MA 01201 | (Mondo)102 Madison Avenue, 7th Floor, New York, NY<br><br>_____ |
| Phone:   413-443-9399 | _____ |
| B.B.O.#:   Michael A. Rivkin - 697737 | |
| Date:   August 18, 2020 | |